UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 18-156-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 20-480-DCR |
| | ) | |
| LAMAR M. FORD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant/Movant Lamar Montez Ford has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 46] He makes three contentions: (1) the Court improperly applied a sentencing enhancement based on prior state convictions that were not properly authenticated under 21 U.S.C. § 851; (2) his counsel failed to object to the sentencing enhancement which amounted to constitutionally ineffective assistance; and (3) he did not knowingly or voluntarily waive his direct appeal rights. [*Id.* at pp. 4-8] Pursuant to local practice, the matter was referred to Magistrate Judge Edward B. Atkins for the purpose of preparing a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Atkins issued a Recommended Disposition on March 23, 2021, recommending that Ford's motion be denied on all three grounds and that no Certificate of Appealability ("COA") issue. [Record No. 55]

Ford has not filed objections to the Magistrate Judge's recommendation. "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  However, the Court has conducted a *de novo* review of the matter and agrees that relief is unwarranted.

## I.

An indictment naming Ford was returned by a Lexington, Kentucky grand jury on November 8, 2018.  [Record No. 1]  The Indictment charged two counts related to possession and distribution of a substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1).  [*Id.*]  The matter was originally assigned to Senior United States District Judge Joseph M. Hood.  Ford initially pleaded not guilty to both counts.  [Record No. 12]  Attorney Pamela Perlman was appointed to represent him pursuant to the Criminal Justice Act.  [*See* Record No. 9.]

On February 12, 2019, the United States filed a document styled as "Title 21 U.S.C. § 851 Information."  [Record No. 15]  This placed Ford on notice of increased punishment because of his prior convictions.  [*Id.*]  The convictions were listed as:

> three state felony drug offenses of Trafficking in a Controlled Substance – [First] Degree, by final judgment of the Boyle County Circuit Court in indictment 11-CR-159 on or about October 2012. The above Defendant has also been convicted of a separate state felony drug offense of Trafficking in a Controlled Substance – [First] Degree by final judgment of the Boyle County Circuit Court in indictment 11-CR-158 on or about October 2012.

[*Id.* at p. 1]  The notice also indicated that these prior offenses formed the basis for the enhanced statutory penalties listed in the Indictment.  [*Id.*; Record No. 1, p. 4]  At no point thereafter did Ford file a response to the information or request a hearing to contest the prior convictions.  *See* 21 U.S.C. § 851(c)(1).

Ten days later, Ford moved to change his plea.  [Record No. 23]  He pleaded guilty to the possession-with-intent-to-distribute count at a change-of-plea hearing before Judge Hood on March 4, 2019, and the United States agreed to move to dismiss the distribution count at

sentencing.  [Record Nos. 25, 26]  Judge Hood questioned Ford about the rights he was giving

up and the penalties he faced as a result of the plea.   [Record No, 49]   Concerning the

consequences of the plea, Judge Hood informed Ford as follows:

> THE COURT: The penalty prescribed by law for this offense is imprisonment for not less than ten nor more than life in prison, a fine of not more than $8 million, and a term of supervised release of at least eight years. There's mandatory special assessment of $100 which applies.
>
> This penalty has been enhanced because you've been previously convicted of a state felony drug offense of trafficking in a controlled substance, first degree, by a final judgment of the Boyle Circuit Court in indictment 11-CR-159 on or about October 2012.  You also have been convicted of a state felony, a drug offense of trafficking in a controlled substance, first degree, by final judgment of Boyle Circuit Court in indictment 11-CR-158 on or about October 2012.  These prior drug offenses are filed pursuant to 21 U.S.C. Section 851, and therefore they may subject you to an enhanced criminal punishment.
>
> Are you aware of those penalties?
>
> THE DEFENDANT: Yes, sir.

[*Id.* at p. 8]

Ford's plea agreement also contained a waiver provision.  [Record No. 25, ¶ 7]  It stated

that Ford

> waives the right to appeal the guilty plea, conviction, and sentence with the one exception that he retains the right to appeal any determination by this Court that he is a Career Offender.  Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

[*Id.*]  Judge Hood further advised Ford that "[n]ormally, [he] would have the right to appeal"

his sentence, but he was waiving that right by pleading guilty.  [Record No. 49, p. 9]  Again,

Ford indicated that he understood the provision.  [*Id.*]

Ultimately, Judge Hood concluded that Ford was "fully competent and capable of

entering an informed plea, . . . aware of the nature of the charges and the consequences of the

plea, and that the plea of guilty [wa]s a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." [Record No. 49, p. 13] As a result, he accepted the plea and a sentencing hearing was scheduled. Soon after, the matter was reassigned to the undersigned pursuant to this Court's General Rule 19-08. [Record No. 33]

On December 2, 2019, Ford was sentenced to a 282-month term of imprisonment and 8 years of supervised release. [Record No. 38] He was subjected to a statutory minimum ten-year term of imprisonment, but his designation as a career offender and significant criminal history resulted in a Sentencing Guidelines range of 262-327 months. [*See* Record No. 50, p. 4.] The undersigned concluded that a sentence near the middle of the range was "sufficient but will not be greater than necessary to meet all of the statutory factors of [18 U.S.C. §] 3553." [*Id.* at p. 14]

Ford met with Perlman to discuss an appeal following the sentencing hearing. [Record No. 52-1, p. 1] He executed a hand-written waiver that read: "Post sentencing I, Lamar Ford, ~~do not waive~~ do waive further appeal."[1] [*Id.* at p. 2] The words "do waive" were underlined and initialed "LF." [*Id.*] Ford's signature also appears below the waiver language.

Ford did not seek an appeal. However, he filed the present collateral attack on December 1, 2020.

---

[1]     It appears that the waiver was drafted by Perlman because the language originally read: "Post sentencing I, Lamar Ford, do/do not waive do waive further appeal." [Record No. 52-1, p. 2] Ford seems to have initially circled "do not waive," but the words are scratched through and a "do waive" emendation appears in their place, accompanied by Ford's initials. [*Id.*]

## II.

Relief under § 2255 is warranted only where the movant can demonstrate "the existence of an error of constitutional magnitude and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  Where, as here, a petitioner argues that he did not receive effective assistance of counsel, his claims assert a constitutional error under the Sixth Amendment.  A two-prong test governs such ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'"  *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

"Whether counsel's performance was 'deficient' under the first prong is determined by reference to 'an objective standard of reasonableness'—specifically, 'reasonableness under prevailing professional norms.'"  *Hendrix v. Palmer*, 893 F.3d 906, 921 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 688).  "This inquiry 'consider[s] all the circumstances' of a particular case."  *Id.* (quoting *Strickland*, 466 U.S. at 688-89).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

- 5 -

"As to the second prong of the *Strickland* test, a [movant] must 'affirmatively prove prejudice.'" *Hendrix*, 893 F.3d at 921 (quoting *Strickland*, 466 U.S. at 693). "Counsel's errors must have 'actually had an adverse effect on [the movant's] defense." *Id.* (quoting *Strickland*, 466 U.S. at 693).

### III.

A.    **Ford's challenge to the length of his sentence is barred by the waiver provision in his plea agreement.**

As indicated previously, Ford's sentence was enhanced based on prior state drug convictions.  Because he had previously been convicted of a serious drug felony, the mandatory minimum term of imprisonment was increased from 5 to 10 years pursuant to 21 U.S.C. (b)(1)(B)(viii).  Additionally, his designation as a career offender under § 4B1.1 of the United States Sentencing Guidelines Manual increased his sentence further.

Ford challenges the enhancement on the ground that the prior state convictions were not properly authenticated.  [Record No. 46, p. 4]  Specifically, he disputes whether the United States provided the notice required under 21 U.S.C. § 851, and he states that he does not recall Judge Hood's questions at the change-of-plea hearing.  [Record No. 54, pp. 1-4]

Magistrate Judge Atkins was unable to discern whether Ford intends to challenge only the statutory enhancement or the career-offender designation, but he concluded that both challenges were unavailing.  [Record No. 55, p. 3]  The undersigned agrees for several reasons.

Critically, Ford waived the right to challenge the length of his sentence.  A defendant "may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001).  A waiver is valid and enforceable against nearly any asserted right, so long as it is entered into knowingly and voluntarily by the

defendant.  *See Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987)).  Ford does not allege that he was oblivious to the terms of the plea agreement or that he entered it against his will.

But even if he had, Judge Hood's questioning indicates that Ford understood and voluntarily assented to the terms of the agreement.  *See Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (holding that where a defendant was questioned in accordance with Federal Rule of Criminal Procedure 11, the plea is generally "knowing and voluntary").  Ford affirmatively stated that he read the agreement, understood its terms, and discussed its terms with Perlman.  [Record No. 49, pp. 4-5]  Judge Hood also asked if he was "aware" of the penalties he faced as a result of the prior state convictions, as well as the possibility that his Sentencing Guidelines rage could be different.  [*Id.* at pp. 8-9]  Ford further indicated that he understood that a challenge to a "sentence [that] is more severe than [he] expected" was foreclosed by the plea agreement.  [*Id.* at p. 9]  Ford did not once indicate any uncertainty about the terms or consequences of the plea agreement.

In short, "[t]he change-of-plea colloquy here included all the elements needed to establish a voluntary and knowing plea."  *United States v. Powell*, 798 F.3d 431, 434 (6th Cir. 2015) (A plea agreement was binding even where the defendant "appear[ed] to have been under a misconception as to the maximum sentence that he could receive as a result of pleading guilty.").  Therefore, Ford's present attack is barred by the waiver provision in his plea agreement.

For this reason, Magistrate Judge Atkins properly rejected Ford's arguments.  He found that the suggestion that Ford was not on notice regarding the prior convictions is contradicted by the United States' filing and Judge Hood's questioning.  [Record No. 55, pp. 4-6]  The

Magistrate Judge further noted that the fact that Ford does not "recall" Judge Hood's questioning did not render it "imaginary," as Ford suggested, because it was documented in the record. [*Id.*; *see* Record No. 54, pp. 2-3.] He also properly concluded that the United States fully complied with its requirements under 21 U.S.C. § 851 by filing an information detailing the prior convictions that it intended to rely on. [*See* Record No. 15.] Finally, the Magistrate Judge reasoned that any question regarding Ford's prior notice of the career offender designation is meritless because the requirements of Section 851 do not apply to sentencing enhancements under the Guidelines. *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) ("[T]he requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines.").

To summarize, Ford basically challenges his sentence on the ground that he did not expect it. But that is not enough for him to avoid the waiver. The Sixth Circuit has held that a knowing and voluntarily plea agreement is binding even where the defendant "appears to have been under a misconception as to the maximum sentence that he could receive as a result of pleading guilty." *Powell*, 798 F.3d at 434. Therefore, Ford's challenge to the length of his sentence is foreclosed by the waiver provision in his plea agreement.

### B. Ford fails to show that his attorney's failure to object to the use of the prior convictions was deficient performance.

Ford argues that Perlman's failure to object to the Court's use of the prior state convictions rendered her assistance constitutionally defective. [Record No. 46, p. 5] Under Section 851(c), a defendant that "denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, [] shall file a written response to the information." 21 U.S.C. § 851(c)(1). A response triggers a hearing to determine whether the

prior conviction is applicable. *Id.* Perlman submitted an affidavit indicating that she provided a copy of the United States' information to Ford, but she did not file a written objection. [Record No. 52-1, p. 1] Ford argues that this decision was a prejudicial error that amounted to ineffective assistance.

Ford's claim fails at step one of *Strickland*'s two-pronged test. "An attorney is not required to present a baseless defense or to create one that does not exist." *Krist v. Foltz*, 804 F.2d 944, 946–47 (6th Cir. 1986) (citing *United States v. Cronic*, 466 U.S. 648, 656–57 n.19 (1984)). And as Magistrate Judge Atkins correctly points out, any objection by Perlman would have been barred by Section 851(e). That Section state states that "[n]o person who stands convicted of an offense under this part [21 U.S.C. §§ 841 *et seq.*] may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." The United States filed the information on February 12, 2019, and it listed prior convictions from 2012. [Record No. 15] Thus, any objection would have been baseless, and Perlman's performance was not deficient for failing to make a baseless objection. *Wright v. United States*, 238 F.3d 426, 2000 WL 1827861, at *2 (6th Cir.2000) (unpublished table decision).

### C. Ford's counsel was not ineffective for failing to file a notice of appeal.

Next, Ford argues that he was "influenced" to sign the direct appeal waiver and, in reality, he wished to pursue an appeal challenging counsel's performance. [Record No. 46, p. 6] Magistrate Judge Atkins properly analyzed Ford's claim under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). There, the Supreme Court applied *Strickland* to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Flores-Ortega*, 528 U.S. at 477. The Court reasoned that the first question a court should ask is whether a defendant

provided "specific instructions" to file or not file a notice of appeal.  *Id.*  If the defendant specifically requested an appeal, counsel's failure to file one is *per se* deficient under *Strickland*'s first prong.  *Id.*  On the other hand, a defendant who "explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."  *Id.* (emphasis in original).

On the initial question, Magistrate Judge Atkins concluded that Ford did not expressly request an appeal.  [Record No. 55, p. 11]  To be sure, an appellate waiver alone does not excuse counsel's obligation to file an appeal, if requested.  *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).   But here, Ford does not allege that he instructed Perlman to file an appeal, and Perlman was under the impression that Ford did not wish to appeal.  In fact, the direct-appeal waiver could reasonably have been interpreted as Ford's express indication that he *did not* intent to appeal.  Thus, there is no evidence that an appeal was requested, and Perlman's performance was not *per se* deficient for failing to abide by Ford's request.

That is not the end of the inquiry under *Flores-Ortega*.  The Court must also ask "whether counsel in fact consulted with the defendant about an appeal."  528 U.S. at 478. Generally, counsel has a duty to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes."  *Id.*  However, the circumstances may reasonably lead an attorney to believe that consultation is unnecessary.  *Flores-Ortega*, 528 U.S. at 480.  To determine whether a duty attached here, the Court must "consider[] all relevant factors."  *Id.*  Nevertheless, it is "highly relevant" that a defendant pleaded guilty, because "a guilty plea reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks an end to judicial proceedings."  *Id.*

In this case, Magistrate Judge Atkins properly concluded that the record supported a finding that Perlman consulted with Ford about the possibility of an appeal. [Record No. 55, p. 12] Specifically, both Perlman and Ford recall a post-sentencing meeting during which Ford signed the waiver. And the waiver itself is a tangible effort by Perlman to discover Ford's wishes. Thus, Perlman consulted with Ford about an appeal and followed his wishes. *Flores-Ortega*, 528 U.S. at 478 ("If counsel has consulted with the defendant, . . . [she] performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.").

Alternatively, Magistrate Judge Atkins found that the circumstances did not indicate that Perlman should have consulted with Ford. [Record No. 55, p. 12] The Court agrees because all relevant factors indicated that Perlman had no duty to consult with Ford. [Record No. 55, p. 13] For one thing, Ford pleaded guilty under a voluntary agreement that waived most of his appellate rights. [Record No. 25] And the specific allegation that he allegedly sought to pursue on appeal was meritless under 21 U.S.C. § 851 for the reasons already explained. Perlman also stated that she did not believe Ford had any valid grounds for an appeal. [Record No. 52-1] Therefore, assuming Perlman failed to consult with Ford about an appeal, her assistance was not deficient under the circumstances, and Ford's ineffective assistance claim fails.

### D. The Court is not required to hold an evidentiary hearing because Ford's claims are meritless.

None of the issues raised in Ford's motion merit an evidentiary hearing. The general rule is that a court "shall . . . grant a prompt hearing" on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

28 U.S.C.A. § 2255(b).  The Sixth Circuit has held that, "[i]n reviewing a § 2255 motion *in which a factual dispute arises*, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims."  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (emphasis added) (quotation omitted).  The movant's burden to secure an evidentiary hearing is "relatively light," but "mere assertions of innocence" are not sufficient to create a factual dispute.  *Id.* (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999)).  And "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

Here, only the last of Ford's three issues concerns a factual dispute—the first two challenges are foreclosed as a matter of law.  The factual issue appeared in Ford's reply brief where, for the first time, he argued he did not in fact sign the direct appeal waiver, and he suggested that Perlman's affidavit is "fraudulent."  [Record No. 54, p. 5]

Nothing but Ford's own speculation supports his conclusory allegation regarding the waiver.  Perlman's affidavit directly contradicts his statements.  Additionally, as the Magistrate Judge pointed out, Ford's motion contradicts his current allegations.  [*Id.*]  "Ford admitted twice in his petition to signing the waiver, even giving the date he signed it."  [*Id.* (citing Record No. 46, p. 6)]  In other words, Ford originally claimed he was coerced into signing a waiver he did not agree with, but now he contends that he never signed it at all.  The Court is not required to accept such self-serving statements.  *See United States v. Walls*, No. 2:05-cr-92-WOB, 2008 WL 927926, at *12 (E.D. Ky. Apr. 4, 2008) (Self-serving statements that are contradicted by the record "may be incredible as a matter of law.").  Therefore, an evidentiary hearing is not warranted.

**IV.**

When a court determines that a § 2255 motion will be denied, it must determine whether to grant a COA. *See* 28 U.S.C. § 2253(c)(1)(B); Rule 11 of the *Rules Governing Section 2255 Proceedings*. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "[A] substantial showing of the denial of a right includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quotation omitted).

In this case, reasonable jurists would not debate that Ford's attack on the length of his sentence is barred by his knowing and voluntary plea agreement. Additionally, it is well-established that attorneys do not render ineffective assistance for failing to make frivolous or meritless arguments. Ford does not identify any objection Perlman should have made that would have possibly altered his sentence. And finally, no reasonable jurist would debate that Perlman was not ineffective for failing to file a notice of appeal given Ford's affirmative waiver of his desire to pursue an appeal.

**V.**

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.     Defendant/Movant Lamar Ford's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [Record No. 46] is **DENIED**. His claims are **DISMISSED**, with prejudice.

2.      Ford's request for an evidentiary hearing is **DENIED**.

3.      The Magistrate Judge's Recommended Disposition [Record No. 55] is **ADOPTED** and **INCORPORATED** here by reference.

4.      A Certificate of Appealability shall not issue.

5.      A corresponding Judgment shall issue on this date.

Dated:  April 19, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky